UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20110-GAYLES

UNITED STATES OF AMERICA

vs.

JERREN KEITH HOWARD,

   Defendant.
_____/

## ORDER GRANTING PRETRIAL DETENTION

**THIS CAUSE** comes before the Court upon the Government's Motion for Revocation of Magistrate Judge's Order of Release [ECF No. 21]. The Court has considered the record, including the Defendant's Response [ECF No. 29], the Pretrial Detention Hearing Transcript and resulting Magistrate Court's Order [ECF Nos. 18, 23], and the Government's Reply [ECF No. 39]. The Court also held a hearing on May 15, 2024. For the reasons set forth in open Court and further described below, the Government's Motion is **GRANTED**, and pretrial detention is ordered.

## BACKGROUND

On March 6, 2023, a criminal complaint was signed by United States Magistrate Judge Lisette M. Reid, charging Defendant Jerren Keith Howard (the "Defendant") and others with crimes relating to an alleged stalking and arson campaign. Specifically, the Defendant was charged with use of fire to commit a felony, in violation of 18 U.S.C. §§ 844(h) and 2; arson, in violation of 18 U.S.C. §§ 844(i) and 2; use of interstate facilities in aid of racketeering, in violation of 18 U.S.C. §§ 1952 and 2; and stalking, in violation of 18 U.S.C. §§ 2261A and 2. On March 7, 2024, Howard was arrested, and he made his initial appearance on Friday, March 8, 2024. At the initial appearance, the Government sought pre-trial detention based upon risk of flight and danger to the community, pursuant to 18 U.S.C. § 3142(f)(1)(A).

On March 13, 2024, a detention hearing was held before United States Magistrate Judge Jared M. Strauss. The Government again requested pretrial detention based upon risk of flight and danger to the community and invoked the statutory rebuttable presumption under 18 U.S.C. § 3142(e)(3)(C). The Government proceeded by factual proffer, and Federal Bureau of Investigation (FBI) Task Force Officer Darrell Rodriguez testified before the Court under cross-examination by defense counsel. At the conclusion of the hearing, Judge Strauss found that despite the rebuttable presumption, the Government had not shown by clear and convincing evidence that the Defendant is a danger to the community. [ECF No. 35-1 at 46–50]. He also found that the Government had not met its burden of establishing, by a preponderance of the evidence, that the Defendant is a serious risk of flight. *Id.*

Judge Strauss ordered that the Defendant be released on a $250,000 personal surety bond, co-signed by his parents, with electronic monitoring and home detention with the exception of work, medical appointments, and legal visits with his attorney. The Government requested a stay so that it could appeal the release order, pursuant to 18 U.S.C. § 3145; and Judge Strauss stayed his order until March 14, 2024, at 12:00 p.m. On March 14, 2024, the Government filed its Motion [ECF No. 29], and the Honorable Jose E. Martinez, United States District Judge, issued a stay on March 14, 2024. [ECF No 22].

On March 30, 2024, the Defendant and his conspirators were indicted by a federal grand jury for stalking, stalking conspiracy, arson, use of fire to commit a felony, and use of interstate facilities in aid of racketeering. [ECF No. 24].

On May 15, 2024, this Court conducted a hearing on the Government's Motion. The Court received evidence from FBI Special Agent Joseph Dalessio on the circumstances of Defendant Howard's arrest, along with an account of the electronic evidence pertaining to Defendant Howard.

## **LEGAL STANDARD**

Section 3145 of the Bail Reform Act contains a mechanism by which the government and defendants may appeal a release or detention order. 18 U.S.C. § 3145(c). "Review by the district court contemplates an 'independent consideration of all facts properly before it.'" *United States v. Megahed*, 519 F. Supp. 2d 1236, 1241 (M.D. Fla. 2007) (quoting *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987)); *United States v. Hurtado*, 779 F.2d 1467, 1481 (11th Cir. 1985). Pursuant to 18 U.S.C. § 3142(b), the Court must order the pretrial release of the defendant "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). In a case like this one, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). This statutory presumption imposes only the burden of production on the Defendant. *Hurtado*, 779 F.2d at 1478.

In deciding whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of the community, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## DISCUSSION

The Court has conducted a de novo review of the record and finds that the Defendant poses a serious risk of flight and is a danger to the community and that no condition or combination of conditions could reasonably assure the Defendant's appearance at future proceedings or the safety of the community. First, the Defendant has not overcome the presumption of detention. *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990). The Defendant's inability to advance any "quantum of evidence" to address his burden of production leaves the presumption of detention undisturbed. *United States v. Hurtado*, 779 F.2d at 1470 n.4.

Second, the Defendant is charged with committing, and conspiring to commit, violent crimes against his victims over an extended period, including acts of arson and an intentional motor vehicle collision. If convicted of the offenses charged in the indictment, the Defendant faces minimum mandatory terms totaling thirty years, with a maximum sentence of life imprisonment.

Third, the weight of the evidence against the Defendant as to dangerousness and risk of flight is strong. "The weight of the evidence against the person is an inquiry into 'the weight of the evidence of dangerousness' or risk of flight, and not necessarily 'the weight of the evidence of the defendant's guilt,' although these concepts often will be related." *United States v. Ingram*, 415 F. Supp. 3d 1072, 1081 (N.D. Fla. 2019), *citing United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). The evidence against Howard includes inculpatory accounts from two of his co-

conspirators. Those statements are corroborated by evidence derived by law enforcement during their investigation, including historical cell site and telephone records. The Court finds that this evidence establishes that the Defendant is a danger to the community by clear and convincing evidence. The Government has also established by a preponderance of the evidence that the Defendant is a risk of flight based on the circumstances surrounding his arrest and the fact that warrants were issued for the Defendant in his previous state cases.

Finally, this Court finds that no condition or combination of conditions could reasonably or safely assure the Defendant's appearance for future court proceedings. As noted at the detention hearing and the May 15, 2024 hearing, the Defendant failed to immediately surrender to law enforcement when they arrived at his home to serve the arrest warrant. See [ECF No. 35-1 at 24–25, 29–30]. Instead, the Defendant tried to flee through the rear of his residence until he realized that law enforcement officers were there. *Id.* He surrendered to law enforcement only after they were forced to use "flashbang" devices. *Id.* Therefore, based on these circumstances, a release to home detention with electronic monitoring at the same home will not reasonably assure this Defendant's appearance in court or his safe surrender to law enforcement if they are compelled to arrest him.

Accordingly, it is **ORDERED AND ADJUDGED** that the Government's Motion [ECF No. 21] is **GRANTED**, and Defendant's bond is revoked. The Defendant shall remain in custody through his trial.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of May 2024.

HON. DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

5